**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANET FISHMAN-PALMER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>THE COLEMAN COMPANY, INC.,<br><br>    Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Janet Fishman-Palmer ("Plaintiff"), by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge, against Defendant The Coleman Company, Inc. ("Coleman" or "Defendant").

## NATURE OF THE ACTION

1.      This is a class action lawsuit on behalf of purchasers of Coleman Naturals Insect Repellent Snap Bands ("Coleman Bands" or the "Product") in the United States.

2.      Defendant represents that Coleman Bands are an "insect repellent" that "repel[] mosquitoes."

3.      Coleman Bands contain active ingredients of 40.2% citronella oil and 17.8% geraniol, in addition to small quantities of other ingredients such as geranium oil and peppermint oil.



4.      However, Coleman Bands do not live up to their label representations.  Coleman Bands are ineffective to repel mosquitos.

5.      Indeed, in a segment titled, "Don't Bother Using These Insect Repellents," *Consumer Reports* tested Defendant's Product and found that "[w]hen our testers stuck their arms into a cage full of mosquitoes while wearing … the Coleman Naturals Insect Repellent Snap Band …, the bugs started biting immediately."  A screenshot of dozens of mosquitoes swarming the test subject wearing Defendant's Product is pictured below:[1]



6.      Further, a peer-reviewed study published in the journal of *General and Applied Entomology* found that mosquito repellent wristbands with peppermint oil – another ingredient in Coleman Bands – "do[] not prevent mosquito landings."[2]

7.      Another peer-reviewed study published in the *New England Journal of Medicine* found that a mosquito repellent wristband containing 25% citronella provided a measly twelve

---

[1] 5 Types of Insect Repellents to Skip, CONSUMER REPORTS (May 22, 2018), https://www.consumerreports.org/insect-repellent/five-insect-repellent-products-to-avoid/.

[2] Cameron Webb and Richard Russell, *Do Wrist Bands Impregnated with Botanical Extracts Assist in Repelling Mosquitoes?*, 40 GENERAL AND APPLIED ENTOMOLOGY 1, 3 (2011).

(12) seconds of protection, and that generally, "wristbands impregnated with either DEET or citronella provided no protection from bites."[3]

8.      Another peer-reviewed study published in the *Journal of Insect Science* found that mosquito repellent bracelets "in general do not offer adequate protection from mosquito bites."[4]

9.      Experts are also particularly critical of citronella-based products.  A peer-reviewed study published in the *Journal of American Mosquito Control Association* warns that the "use of citronella by the general public [to repel mosquitoes] should be discouraged."[5]

10.     Likewise, a peer-reviewed study published in the *Journal of Insect Science* indicates that "[c]itronella does not deter [] mosquitoes in any way."[6]

11.     Upon information and belief, Defendant has sold millions of Coleman Bands by promising consumers an effective mosquito repellent.

12.     Plaintiff is a purchaser of Coleman Bands who asserts claims on behalf of herself and similarly situated purchasers of Coleman Bands for violations of the consumer protection laws of New York, breach of express warranty, unjust enrichment, and fraud.

## PARTIES

13.     Plaintiff Janet Fishman-Palmer is a citizen of New York who resides in Kiamesha Lake, New York.  Ms. Fishman-Palmer purchased three Coleman Bands from a Wal-Mart store located in Monticello, New York, in the summer of 2018 for approximately $10 each.  Prior to purchase, Ms. Fishman-Palmer carefully read the labeling on Coleman Bands' packaging,

---

[3] Mark Fradin and John Day, *Comparative Efficacy of Insect Repellents Against Mosquito Bites*, 347 NEW ENG. J. MED. 13, 16-17 (2002).

[4] Stacey D. Rodriguez et al., 17 J. INSECT SCI. 1, 5 (2017).

[5] Gunter C. Muller et al., *Ability of Essential Oil Candles to Repel Biting Insects in High and Low Biting Pressure Environment*, 24 J. AM. MOSQUITO CONTROL ASS'N 154, 159 (2008).

[6] Kristen V. Brown, *Anti-Mosquito Candles Totally Don't Work*, GIZMODO (Feb. 21, 2017, 5:27 PM), https://gizmodo.com/anti-mosquito-candles-totally-dont-work-1792597535 (last visited Nov. 15, 2019).

including the representations that it was an "insect repellent" that "repels mosquitoes."  Ms. Fishman-Palmer believed these statements to mean that Coleman Bands would repel mosquitos and relied on them in that she would not have purchased Coleman Bands at all, or would have only been willing to pay a substantially reduced price for Coleman Bands, had she known that these representations were false and misleading.  Ms. Fishman-Palmer used Coleman Bands as directed and was bitten by mosquitoes.  The Coleman Bands were ineffective to repel mosquitos.

14.     Defendant The Coleman Company, Inc. is a Delaware corporation with its principal place of business in 180 N La Salle Street, Suite 700, Chicago, Illinois 60601.  Coleman distributes Coleman Bands throughout the United States, and specifically in the State of New York.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

16.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant does business throughout this District and the events or omissions giving rise to this action occurred in this District.

17.     All conditions precedent necessary for filing this Complaint have been satisfied and/or such conditions have been waived by the conduct of the Defendant.

## CLASS REPRESENTATION ALLEGATIONS

18.     Ms. Fishman-Palmer seeks to represent a class defined as all persons in the United States who purchased Coleman Bands (the "Class").  Excluded from the Class are persons who made such purchase for purpose of resale.

19.     Ms. Fishman-Palmer also seeks to represent a subclass defined as all Class members who purchased Coleman Bands in New York (the "New York Subclass").

20.     **Numerosity.**  Members of the Class and New York Subclass are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class and New York Subclass number in the millions.  The precise number of Class and New York Subclass members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class and New York Subclass members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

21.     **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all Class and New York Subclass members and predominate over questions affecting only individual Class and New York Subclass members.  Common legal and factual questions include, but are not limited to whether Defendant's labeling, marketing and promotion of Coleman Bands is false and misleading.

22.     **Typicality.**  The claims of the named Plaintiff are typical of the claims of the Class and New York Subclass in that the named Plaintiff was exposed to Defendant's false and misleading marketing and promotional materials and representations, purchased Coleman Bands, and suffered a loss as a result of that purchase.

23.     **Adequacy of Representation.**  Plaintiff is an adequate representative of the Class and New York Subclass because her interests do not conflict with the interests of the Class and New York Subclass members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class and New York Subclass members will be fairly and adequately protected by Plaintiff and her counsel.

24.    **Superiority.**  The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class and New York Subclass members.  Each individual Class and New York Subclass member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation Of New York General Business Law § 349
### (On Behalf Of The New York Subclass)

25.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

26.    Plaintiff brings this claim individually and on behalf of members of the New York Subclass against Defendant.

27.    By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by making false representations on the labeling of Coleman Bands.

28.    The foregoing deceptive acts and practices were directed at consumers.

29.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the ability of the Products to repel mosquitos and other flying insects.

30.     Plaintiff and members of the New York Subclass were injured as a result because (a) they would not have purchased Coleman Bands if they had known that Coleman Bands were ineffective to repel mosquitos, and (b) they overpaid Coleman Bands on account of their misrepresentation that they "repel[] mosquitos."

31.     On behalf of herself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

**COUNT II**
**Violation Of New York General Business Law § 350**
**(On Behalf Of The New York Subclass)**

32.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

33.     Plaintiff brings this claim individually and on behalf of members of the New York Subclass against Defendant.

34.     Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting on the labeling of Coleman Bands their ability to repel mosquitos.

35.     The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

36.     This misrepresentation has resulted in consumer injury or harm to the public interest.

37.     As a result of this misrepresentation, Plaintiff and members of the New York Subclass have suffered economic injury because (a) they would not have purchased Coleman Bands if they had known that Coleman Bands were ineffective to repel mosquitos and other

8

flying insects, and (b) they overpaid for Coleman Bands on account of their misrepresentation that they "repel[] mosquitos."

38.     On behalf of herself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

**COUNT III**
**Breach Of Express Warranty**
**(On Behalf Of The Class And New York Subclass)**

39.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

40.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and the New York Subclass against Defendant.

41.     Plaintiff, and each member of the Class and New York Subclass, formed a contract with Defendant at the time Plaintiff and the other Class and New York Subclass members purchased Coleman Bands.  The terms of the contract include the promises and affirmations of fact made by Defendant on Coleman Bands' packaging and through marketing and advertising, including that the product was an insect repellent that would repel mosquitoes. This labeling, marketing, and advertising constitute express warranties and became part of the basis of the bargain, and are part of the standardized contract between Plaintiff and the members of the Class and New York Subclass and Defendant.

42.     Plaintiff relied on the express warranty that her Coleman Bands were an insect repellent that would repel mosquitoes.  This express warranty further formed the basis of the bargain, and is part of the standardized contract between Plaintiff and the members of the Class and New York Subclass and Defendants.

43.     Defendant purports, through their advertising, labeling, marketing and packaging,

to create an express warranty that Coleman Bands are an insect repellent that would repel mosquitoes.

44.     Plaintiff and the Class and New York Subclass performed all conditions precedent to Defendant's liability under this contract when they purchased Coleman Bands.

45.     Defendant breached express warranties about Coleman Bands and their qualities because Defendant's statements about Coleman Bands were false and Coleman Bands do not conform to Defendant's affirmations and promises described above.

46.     Plaintiff and each of the members of the Class and New York Subclass would not have purchased the Coleman Bands had they known the true nature of Coleman Bands, specifically that Coleman Bands do not repel mosquitoes.

47.     As a result of Defendant's breaches of express warranty, Plaintiff and each of the members of the Class and New York Subclass have been damaged in the amount of the purchase price of Coleman Bands and any consequential damages resulting from the purchases.

48.     On November 8, 2019, prior to filing this action, Defendant was served with a pre-suit notice letter that complied in all respects with U.C.C. §§ 2-313, 2-607.  Plaintiff's counsel sent Defendant a letter advising them that they breached an express warranty and demanded that they cease and desist from such breaches and make full restitution by refunding the monies received therefrom.

<u>**COUNT IV**</u>
**Fraud**
**(On Behalf Of The Class And New York Subclass)**

49.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

50.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and New York Subclass against Defendant.

51.     As discussed above, Defendant provided Plaintiff and Class and New York Subclass members with materially false or misleading information about the Coleman Bands. Specifically, Defendant marketed Coleman Bands as an insect repellent that repels mosquitoes. As indicated above, however, these representations are false and misleading as Coleman Bands do not repel mosquitoes.

52.     The misrepresentations and omissions of material fact made by Defendant, upon which Plaintiff and Class and New York Subclass members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class and New York Subclass members to purchase Coleman Bands.

53.     The false and misleading representations and omissions were made with knowledge of their falsehood.  Defendant is a top distributor of outdoor recreation products in the United States who is undoubtedly aware of the studies finding that Coleman Bands and other, similar mosquito wristbands do not work.  Nonetheless, Defendant continues to sell its ineffective and worthless Coleman Bands to unsuspecting consumers.

54.     The fraudulent actions of Defendant caused damage to Plaintiff and Class and New York Subclass members, who are entitled to damages and other legal and equitable relief as a result.

55.     As a result of Defendant's willful and malicious conduct, punitive damages are warranted.

**COUNT V**
**Unjust Enrichment**
**(On Behalf Of The Class And New York Subclass)**

56.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

57.     Plaintiff brings this claim individually and on behalf of the members of the

proposed Class and New York Subclass against Defendant.

58.    Plaintiff and the Class and New York Subclass conferred a benefit on Defendant in the form of monies paid to purchase Defendant's Coleman Bands.

59.    Defendant voluntarily accepted and retained this benefit.

60.    Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class and New York Subclass members' purchases of Coleman Bands.  Retention of those monies under these circumstances is unjust and inequitable because Defendant misrepresented that Coleman Bands "repels mosquitoes."

61.    Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class and New York Subclass members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class and New York Subclass members for their unjust enrichment, as ordered by the Court.

## RELIEF DEMANDED

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

A.    For an order certifying the nationwide Class and the New York Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and New York Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and members of the New York Subclass;

B.    For an order declaring the Defendant's conduct violates the statutes referenced herein;

C.    For an order finding in favor of Plaintiff, the nationwide Class, and the New York Subclass on all counts asserted herein;

D.    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E.    For prejudgment interest on all amounts awarded;

F.    For an order of restitution and all other forms of equitable monetary relief;

G.    For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign; and

H.    For an order awarding Plaintiff and the Class and New York Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  December 10, 2019                    Respectfully submitted,

                                             **BURSOR & FISHER, P.A.**

                                             By:  */s/ Yitzchak Kopel*
                                                   Yitzchak Kopel

                                             Yitzchak Kopel
                                             Alec M. Leslie
                                             888 Seventh Avenue
                                             New York, NY 10019
                                             Tel:  (646) 837-7150
                                             Fax: (212) 989-9163
                                             E-Mail:  ykopel@bursor.com
                                                         aleslie@bursor.com

                                             *Attorneys for Plaintiff*